[No. 21015.   Department Two.—April 23, 1894.]

## THE PEOPLE, RESPONDENT, *v.* G. W. WAITE, APPELLANT.

CRIMINAL LAW—PERJURY—OATH BEFORE DEPUTY REGISTRAR.—A defendant is properly convicted of the crime of perjury, committed by swearing falsely in an affidavit made by him for the purpose of being registered as a legal voter, before a deputy registrar in the city and county of San Francisco.

ID.—POWER OF REGISTRAR TO APPOINT DEPUTIES—ADMINISTRATION OF OATHS.—The registrar of the city and county of San Francisco has power to appoint a deputy to administer the necessary oaths to those coming to the registrar to be registered, which duty to administer oaths naturally belongs to his office, and is contemplated by the act creating such office, and the number of his deputies who may administer such oaths is limited only by his discretion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion in an arrest of judgment.

The facts are stated in the opinion of the court.

*William S. Barnes,* and *Attorney General W. H. H. Hart,* for Appellant.

*Aug. Tilden,* for Respondent.

McFARLAND, J.—Appellant was charged in the information with, and convicted of, the crime of perjury, committed by swearing falsely in an affidavit made by him for the purpose of being registered as a legal voter; and he appeals from the judgment, relying on the judgment-roll to show reversible error.   The charge is that he swore falsely before a deputy registrar in the city and county of San Francisco; and the only point made is that the registrar had no power to appoint a deputy who could administer oaths, because such appointment was not "necessary for the faithful and prompt discharge of the duties of his office," as provided by section 4112 of the Political Code.   The contention is that an applicant for registration can make the requisite affi-

davit before any other officer qualified to administer oaths; that the duty of administering oaths is not specially enjoined on the registrar; and that, therefore, it is not "necessary" for him to perform that duty, or to have a deputy to do it. We see no real merit in this contention. It would apply to nearly all other county officers; for, generally, the law merely confers upon such officers the power to administer oaths. Administering the necessary oaths to those coming to the registrar to be registered is as much the duty of the registrar as of any other officer; it naturally belongs to his office, and it was evidently contemplated by the act creating such office. The number of his deputies was limited only by his discretion. (Pol. Code, sec. 877.) The judgment and order denying motion in arrest of judgment are affirmed.

BEATTY, C. J., and DE HAVEN, J., concurred.